Filed 3/1/22  P. v. Medrano CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314152 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA021127) |
| v. | |
| JESUS MEDRANO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Appeal dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On March 2, 2001, a jury found Jesus Medrano guilty of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), petty theft with a prior (Pen. Code, § 666),[1] and two counts of first degree residential burglary (§ 459). The jury found true several special allegations, including that Medrano had sustained multiple prior strike convictions (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1).) The trial court sentenced Medrano to 55 years to life in prison: a third strike, consecutive sentence of 25 years to life for each burglary count, plus a consecutive term of five years for the prior serious felony enhancement. The court imposed concurrent terms for the other offenses. The court ordered Medrano to pay a $5,000 restitution fine. (Former § 1202.4, subd. (b).) Medrano appealed, and this court affirmed the judgment in 2002. (*People v. Medrano* (May 29, 2002, B151317) [nonpub. opn.].)

On June 18, 2021, Medrano filed a motion to modify the restitution fine under section 1237.2. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, he sought a hearing on his ability to pay the fine or, in the alternative, for the trial court to stay the fine. On June 24, 2021, the trial court summarily denied the motion.

Medrano filed a timely notice of appeal, and this court appointed counsel for him. After examination of the record, counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), informing this court that she had found no arguable issues to raise on appeal; she had sent

---

[1] Further undesignated statutory references are to the Penal Code.

a copy of the brief and the record to Medrano; and she had informed Medrano of his right to file a supplemental brief.  On December 29, 2021, we sent a letter to Medrano and his appointed counsel, advising Medrano that within 30 days he could "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that [he] wishes this court to consider."  Medrano did not file a supplemental brief.

Because Medrano's appeal is from an order denying post-conviction relief, and not his first appeal of right from his conviction, he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.)[2]  He is entitled, however, to file a supplemental brief and, if he files such a brief, to our review of his contentions.  (See *Serrano*, at p. 503; cf., *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 6.)  Where, as here, the appellant does not file a supplemental brief, we may deem the appeal to be abandoned and dismiss the appeal.  (*Serrano*, at pp. 503-504.)

Even if we did not dismiss the appeal as abandoned under *Serrano*, dismissal of the appeal is required because the trial court did not have jurisdiction to grant the motion for the reasons set forth in *People v. Torres* (2020) 44 Cal.App.5th 1081, 1088

---

[2] Under *Serrano*, in a criminal appeal in which *Wende* does not apply, counsel who finds no arguable issues is still required to (1) inform the court that counsel has found no arguable issues to be pursued on appeal; (2) file a brief setting out the applicable facts and law; (3) provide a copy of the brief to appellant; and (4) inform the appellant of the right to file a supplemental brief. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503, citing *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).)

3

[trial court did not have jurisdiction to rule on a motion filed as a post-appeal collateral attack on a judgment under section 1237.2 and *Dueñas*].

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


BENDIX, Acting P. J.


CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.